UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOREEN S.                                         :
                                                  :
v.                                                :          C.A. No. 20-00128-WES
                                                  :
ANDREW M. SAUL, Commissioner                      :
Social Security Administration                    :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income Benefits ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on March 13, 2020 seeking to reverse the Decision of the Commissioner. On August 19, 2020, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 12). On September 18, 2020, Defendant filed a Motion to Affirm the Decision of the Commissioner. (ECF No. 14). On September 25, 2020, Plaintiff filed a Reply. (ECF No. 16).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 12) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 14) be GRANTED.

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI in 2017. On April 18, 2018, Plaintiff filed another application for SSI (Tr. 220-228) and on April 4, 2018 for DIB (Tr. 218-219) alleging disability since

December 1, 2009. The applications were denied initially on May 29, 2018 (Tr. 88-97, 99-108) and on reconsideration on July 24, 2018.  (Tr. 110-120, 122-132).  Plaintiff requested an Administrative Hearing.  On April 16, 2019, a hearing was held before Administrative Law Judge Paul W. Goodale (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified.  (Tr. 29-77).

At the hearing, Plaintiff amended her onset date of disability to March 22, 2017, thus abandoning her claim for DIB.  (Tr. 32-37).  Plaintiff also requested reopening her 2017 application for SSI.  (Tr. 33).  The ALJ granted the request.  (Tr. 13).  On April 30, 2019, the ALJ issued an unfavorable decision to Plaintiff.  (Tr. 13-22).  On January 14, 2020, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's failure to apply the correct legal standards for weighing medical opinions requires remand.

The Commissioner concedes that the ALJ applied the incorrect legal standard but contends that the ALJ's error is harmless because his decision is supported by substantial evidence.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the

case on a complete record, including any new material evidence.   Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.      Treating Physicians

Substantial weight should be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed

impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

### B.      Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D.       The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of HHS, 686 F.2d

76 (1ˢᵗ Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

E.      Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11ᵗʰ Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5ᵗʰ Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."   Nguyen, 172 F.3d at 36.

Congress has determined that a claimant will not be considered disabled unless he furnishes medical

and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical

impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C.

§ 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including

pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with

the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and

laboratory findings show medical impairments which reasonably could be expected to produce the pain

alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and
> intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity,
> environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any
> pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not,

by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate

specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.

Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility

finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure

to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ rendered his decision on Plaintiff's application under the familiar five-step sequential evaluation process, see 20 C.F.R. § 416.920, finding that Plaintiff had not engaged in substantial gainful activity since her application date of March 22, 2017.  (Tr. 16).  The ALJ found at Step 2 that Plaintiff's chronic obstructive pulmonary disease ("COPD") and vertigo were severe, but that they did not meet or medically equal any listed impairment.  (Tr. 16-18).  The ALJ determined that Plaintiff retained the RFC to perform light work.  The RFC stated that Plaintiff could "occasionally climb ramps, stairs, ladders, ropes and scaffolds.  She must avoid concentrated exposure to extreme cold, and to fumes, odors, dust, gasses, poorly ventilated areas and pulmonary irritants.  She cannot do assembly line type work (i.e., outwardly paced, working in close tandem with coworkers), but could do individual table or bench work."  (Tr. 18).  At Step 4, the ALJ found that Plaintiff could perform her past relevant work as a fast-food worker as the position is generally performed in the national economy.  (Tr. 22).  Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act.  (Tr. 22).

**B.      Substantial Evidence Supports the ALJ's Assessment of the Medical Opinion Evidence**

At the hearing, the ALJ reopened Plaintiff's prior claim for benefits and considered her claim before him to have been filed as of March 22, 2017.  Therefore, the rules articulated in 20 C.F.R. § 416.927 are used to weigh medical opinions, not the standard set forth in 20 C.F.R. § 416.920c, which applies to claims filed on or after March 27, 2017.  The Commissioner concedes that the ALJ mistakenly applied the standard for later-filed cases, but contends the error was harmless because the Decision contains ample support under the correct legal standard and caselaw.  The Commissioner maintains that the ALJ thoroughly evaluated the medical opinions from treating pulmonologist Dr. William Beliveau and Nurse Practitioner Nicole Coggins and provided the necessary "good reasons" for rejecting them.  The Commissioner asserts that given the analysis provided by the ALJ, "[t]he opinions could not have been given controlling weight – the ALJ found contradictory medical opinions from the state agency medical consultants to be better supported by and more consistent with the evidence of record.  This alone deprived them of controlling weight." (ECF No. 14 at p. 11).  Plaintiff disagrees and argues that the state agency consultants reviewed "an undeveloped record" and their opinions should not have been given greater weight than the treating specialists.  (ECF No. 12-1 at p. 12).  Plaintiff further argues that the ALJ did not weigh Dr. Beliveau's opinion under the controlling regulation and that the error was not harmless because the VE "confirmed at the hearing that the limitations described by the treating specialist would preclude [Plaintiff] from engaging in more than sedentary activities."  (ECF No. 12-1 at p. 13).

The standard applicable to this case holds that an opinion from a treating source is entitled to controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2).  When the opinion is not entitled to controlling weight, the ALJ must "give good

reasons" for the weight assigned to the opinion.  20 C.F.R. § 416.927(c)(2).  The ALJ "may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors." Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass 2002).

In the present case, the ALJ found the treating pulmonologist's opinion to be less persuasive than the opinion of the non-examining state agency medical consultants.  Dr. Beliveau, Plaintiff's treating pulmonologist, began treating Plaintiff in March 2017 and diagnosed COPD.  (Tr. 19).  At that time, and at subsequent physical examinations every six months, Plaintiff was urged to quit smoking, was prescribed an inhaler, and she denied "chest pain, dyspnea, wheezing, cough, or chest congestion." "Her oxygen saturation on room air was 99 percent, her chest was not overinflated, no decrease in breath sounds was heard, no wheezing, rales or crackles were heard and there was no decrease in expiratory force."  Id.  Plaintiff's COPD "remained stable" through August 2018.  Id.  Plaintiff did not require "nebulizer treatments, steroid tapers" nor any "emergency room visits or inpatients stays secondary to breathing difficulties."  Id.  The ALJ noted that "claimant was continuing to smoke as of February 2019" despite recommendations from her pulmonologist and primary care provider that she stop smoking.  (Tr. 23).  Dr. Beliveau subsequently opined that Plaintiff would be absent from work once per month and would need to avoid fumes, temperature extremes, humidity, gasses and cigarettes smoke.  He also opined that due to her COPD, she would need to sit for six plus hours in an eight-hour workday, stand and/or walk for four hours in an eight-hour workday and could lift and carry five to ten pounds occasionally.  (Tr. 21).

In examining Dr. Beliveau's opinion, the ALJ reasonably concluded that it was not supported by the evidence and was inconsistent with Plaintiff's conservative treatment, benign findings, activities of daily living, and stability throughout the period under consideration.  (Tr. 21).  See 20 C.F.R. § 404.1527(C)(3) ("the better an explanation a source provides for an opinion, the more weight we will give that opinion.").  Moreover, the ALJ accurately observed that the "degree of impairment opined

by Dr. Beliveau" was not supported by the "relatively benign findings throughout the record." (Tr. 21). See 20 C.F.R. § 404.1527(c)(4). Finally, the ALJ reasonably concluded that Dr. Beliveau's opinions conflicted with the assessments of the state agency medical consultants. The ALJ fairly noted that the state agency opinions are "consistent with and supported by the record as a whole" and that they "provided extensive rationales to support their findings, citing to specific evidence of record and resolving inconsistencies in the record." (Tr. 20). The ALJ weighed this conflicting medical evidence, and Plaintiff has shown no error in his decision to find the expert opinions of the state agency medical consultants to be "persuasive" and Dr. Beliveau's opinion to be "unpersuasive."

Turning next to the opinion of Nurse Practitioner Coggins, the Court notes that she is not an acceptable medical source under the regulations governing this case. See 20 C.F.R. § 416.927(f). As such, her opinion is not a "medical opinion" governed by the "controlling weight" or articulation requirements of 20 C.F.R. § 416.927(c). See 20 C.F.R. § 416.927(f)(2). Nevertheless, the ALJ explained why he rejected her opinion that Plaintiff could only sit for four hours and stand and walk for two hours in an eight-hour workday, miss more than three days of work per month, and be off task for one-third to two-thirds of the workday. (Tr. 21). The ALJ found the opinion inconsistent with the longitudinal evidence of record, the physical examination findings, pulmonary function testing, and her conservative course of treatment. Id. Ultimately, the ALJ reasonably concluded that her opinion was "unpersuasive." Id.

The ALJ explained that the state agency opinions were consistent with and supported by the record, and that they provided substantial support for their findings. (Tr. 20, 81-85, 91-95, 114-18). The opinions all indicated that Plaintiff was capable of standing and walking for six hours in an eight-hour day and lifting and carrying ten pounds frequently and two pounds occasionally. (Tr. 84-85, 94-95, 116-117). The Commissioner accurately points out that Plaintiff has "neither argued nor identified evidence to support an inference that her condition deteriorated after the state agency physicians

reviewed her file." (ECF No. 14 at p. 14). Accordingly, the state agency medical consultant opinions constitute substantial evidence that conflicted with Dr. Beliveau's opinions.

In her Reply, Plaintiff argues that "[i]t is unknown if the ALJ considered the treatment relationship, nature of the treatment, or the doctor's specialization when evaluating the opinions as the ALJ obviously believed he was not required to consider these factors that do not always apply under the Commissioner's new Regulations, which are not applicable here." (ECF No. 16 at p. 4). The Court disagrees. The Court is readily able to discern the ALJ's unequivocal rejection of Dr. Beliveau's opinion and the reasons therefore from the record. The ALJ was clearly aware of the treating source relationship and the respective areas of specialization. The ALJ adequately explained his reasons for giving reduced weight to Dr. Beliveau and NP Coggins' opinions. Accordingly, there is substantial evidence in the record as a whole to support the rejection of Dr. Beliveau's opinion, and the ALJ's citation to the incorrect legal standard in his decision was, at worst, harmless error. White v. Colvin, No. CA 14-171 S, 2015 WL 5012614, at *6 (D.R.I. Aug. 21, 2015) quoting Rivera v. Comm'r of Soc. See, Admin., No. 12–1479, 2013 WL 4736396, at *11 (D.P.R. Sept. 3.2013))). ("An ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination."). As this Court has noted, "[i]f the likely outcome on remand is clear and the same as that reached by the ALJ, the error is harmless and the court may uphold the denial of benefits." Id. In the present case, I find that given the clear reasoning set forth in the Decision, and the entirety of the medical evidence, a remand would not alter the outcome in this case.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 12) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 14) be GRANTED. I further recommend that Final Judgment enter in favor of the Commissioner.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 12, 2020