UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
DOREEN S.,                              )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   C.A. No. 20-128 WES
                                        )
ANDREW M. SAUL, Commissioner,           )
Social Security Administration,         )
                                        )
        Defendant.                      )
_____)

## MEMORANDUM AND ORDER

In a decision denying Plaintiff's application for Supplemental Security Income ("SSI"), an administrative law judge ("ALJ") applied an erroneous standard for determining the weight to give to the opinion of Plaintiff's treating physician. As explained below, Plaintiff's benefits application may be successful if analyzed under the correct standard. Therefore, Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 12, is GRANTED to the extent that it seeks remand for rehearing, and Defendant's Motion to Affirm the Decision of the Commissioner, ECF No. 14, is DENIED.[1]

_____

[1] The Court sustains in part Plaintiff's Objections to the Report and Recommendation, ECF No. 18, and declines to adopt the Report and Recommendation, ECF No. 17.

I.    BACKGROUND

In 2018, Plaintiff applied for SSI, claiming that she had been disabled since 2008. See Corrected Social Security Administrative Record ("R.") 13, ECF No. 15.[2] Her application was denied. Id. at 13. At a later hearing, an ALJ granted Plaintiff's request to reopen a previous SSI application from March 22, 2017. Id. Plaintiff also amended her application to allege that she became disabled on March 22, 2017, rather than in 2008. Id. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert. Id.

The ALJ found that Plaintiff had two severe impairments, chronic obstructive pulmonary disease ("COPD") and vertigo, and multiple non-severe impairments. R. 16-17. Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to be a fast food worker, a job she held in 2004 and 2005. Id. at 16, 18-22. To reach this conclusion, the ALJ relied on the opinions of two state agency medical consultants - who opined that Plaintiff had the requisite capacity for that work - over the opinions of Plaintiff's pulmonologist and other treatment providers - who believed her capacity to be more limited. See id. at 20-21, 84-85, 94-95, 105-06, 116-18, 128-130, 372-389. The

_____

[2] Plaintiff also applied for Disability Insurance Benefits but later withdrew that application. R. 13.

vocational expert testified that, at the residual functional capacity opined by Plaintiff's pulmonologist, Plaintiff would be unable to hold a job as a fast food worker. See id. at 71-72, 374-75.

Additionally, the ALJ discounted Plaintiff's testimony regarding her symptoms. See id. at 19. He found that, although her "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" her "statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence." Id. at 19.

The ALJ therefore found that Plaintiff was not disabled. Id. at 22. The Appeals Council denied her request for review, thus issuing a final decision ripe for review under 42 U.S.C. § 405(g). See id. at 1.

## II.  LEGAL STANDARDS

The Commissioner's factual findings are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). Legal questions, on the other hand, are reviewed de novo. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). Where, as here, the Court has referred a dispositive matter to a magistrate judge for report and recommendation, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

III. DISCUSSION

Plaintiff contends that the ALJ erred both by affording too little weight to the opinion of her pulmonologist and by discounting Plaintiff's testimony regarding her symptoms. See Mem. Supp. Pl.'s Mot. Reverse 7, 14, ECF No. 12-1.

A.   Weight of Treating Physician's Testimony

For cases filed prior to March 27, 2017, a treating physician's opinion is given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). Where an ALJ does not give controlling weight to a treating physician's opinion, the ALJ is instructed to "consider all of the following factors in deciding the weight" to give the opinion: the "[l]ength of the treatment relationship and the frequency of examination[,]" the "[n]ature and extent of the treatment relationship[,]" the "[s]upportability" of the opinion (i.e., clinical observations, laboratory findings, and explanations), the consistency of the opinion with the record as a whole, whether the physician is a specialist in the medical area at issue, and any other relevant factors. Id. § 416.927(c). Furthermore, the ALJ is required to "give good reasons . . . for the weight [given to a] treating source's medical opinion." Id. § 416.927(c)(2).

4

Conversely, for cases filed on or after March 27, 2017, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the applicant's] medical sources." 20 C.F.R. § 416.920c(a).  The most important factors under the newer regulation are the supportability of the opinion and its consistency with the other record evidence.  Id. § 416.920c(b), (c).  An ALJ "may, but [is] not required to, explain how [the ALJ] considered" factors other than supportability and consistency. Id. § 416.920c(b)(2).

Plaintiff's original SSI application was filed on March 22, 2017.  R. 13.  Thus, this case is governed by the older regulation, which gives greater deference to the opinions of treating physicians.  See 20 C.F.R. § 416.927(c)(2).  However, the ALJ applied the newer standard, stating, "we will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from your medical sources."  R. 20.

As both parties agree, this misstep was an error of law.  See Mem. Supp. Pl.'s Mot. Reverse 7-8; Def.'s Mot. Affirm 10.  Yet the Commissioner contends that the ALJ's error was "harmless . . . because his evaluation of the medical opinions pass [sic] muster

under the old regulations and interpretive case law."[3]  See Def.'s
Mot. Affirm 10 (citations omitted).  Plaintiff disagrees, arguing
that application of the correct standard would in fact change the
outcome, and that this Court would exceed its authority by
assessing whether Plaintiff would have succeeded under the correct
standard.  See Pl.'s Objs. to R. & R. 2.[4]

"While an error of law by the ALJ may necessitate a remand,
a remand is not essential if it will amount to no more than an
empty exercise."  Ward v. Commr. of Soc. Sec., 211 F.3d 652, 656
(1st Cir. 2000) (citations omitted).  In other words, "[w]here
application of the correct legal standard could lead to only one
conclusion," remand is not necessary.  Id. (quoting Schaal v.
Apfel, 134 F.3d 496, 504 (2d Cir. 1998)).  However, "[w]hen an

---

[3] As the First Circuit has explained, the harmless error
doctrine applies to evidentiary errors, not errors of law.  Ward
v. Commr. of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000).
Therefore, the Court "understand[s] the [Commissioner] to mean, in
a colloquial sense, that there was no harm from the ALJ's use of
an erroneous ground of decision because there was an independent
ground on which affirmance must be entered as a matter of law."
Id. (citations omitted).

[4] The Commissioner also argues that Plaintiff's Objections to
the Report and Recommendation should be rejected because they
retread ground already covered in her Motion to Reverse.  See
Def.'s Resp. to Pl.'s Objs. to R. & R. 2.  The Commissioner has
the rule backwards.  As explained in the First Circuit opinion
cited by the Commissioner, a party's objections to a report and
recommendation must be limited to arguments previously raised.
See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840
F.2d 985, 990–91 (1st Cir. 1988) ("[A] party [cannot be] allowed
to feint and weave at the initial hearing, and save its knockout
punch for the second round.").

agency has not considered all relevant factors in taking action, . . . the reviewing court ordinarily should remand the case to the agency." <u>Seavey</u>, 276 F.3d at 12 (<u>Fla. Power & Light Co. v. Lorion</u>, 470 U.S. 729, 744 (1985)).

Here, under the applicable standard, the ALJ was required to give controlling weight to the pulmonologist's opinion unless (1) the opinion was not well-supported or (2) it was inconsistent with other substantial evidence in the record. <u>See</u> 20 C.F.R. § 416.927(c)(2). The ALJ did not explicitly make either finding. However, the ALJ stated that the pulmonologist's opinion "contradict[ed] the State agency medical consultants' opinions," finding "that the limitations addressed by the State agency are more consistent with the longitudinal medical evidence of record than that of [the treating pulmonologist]." R. 20. Thus, the ALJ impliedly found the reports of the state consultants to be substantial pieces of evidence that were inconsistent with the pulmonologist's opinion. <u>See</u> R. 20. The Court concludes that there was sufficient evidence to support this finding. <u>See</u> R. 82-85, 91-95, 102-06, 114-18, 126-130; <u>see also</u> <u>Pelletier v. Colvin</u>, CA 13-651 ML, 2015 WL 247711, at *14 (D.R.I. Jan. 20, 2015) ("The expert opinion of a non-examining source . . . may amount to substantial evidence where it represents a reasonable reading of the entirety of the relevant medical evidence." (citing 20 C.F.R.

§ 404.1527(e)).  Thus, it is unlikely that the ALJ would give controlling weight to the pulmonologist's opinion on remand.

However, under the applicable regulation, an opinion that is not given controlling weight must still be evaluated under the factors listed in 20 C.F.R. § 416.927(c).  Some of those factors were not analyzed in the ALJ's decision.  This is not surprising, as the erroneously applied regulation does not require these missing factors to be discussed.  See 20 C.F.R. § 416.920c(b)(2).  For example, under the pertinent regulation, the opinion of a physician who has examined the applicant is weighed more heavily than the opinion of a non-examining source.  See 20 C.F.R. § 416.927(c)(1).  The ALJ found the opinions of the state consultants to be more "persuasive" than those of the treating pulmonologist without discussing the fact that the consultants had not examined Plaintiff.  See R. 20.  Additionally, the applicable regulation favors opinions from treating sources because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the applicant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations."  20 C.F.R. § 416.927(c)(2).  Although the ALJ acknowledged that the pulmonologist was a treating source and that the consultants were not, he did not grapple with the prior regulation's preference for

8

a treatment provider's perspective.  See R. 20-21.  Lastly, under the older regulation, an ALJ should "give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."  20 C.F.R. § 416.927(c)(5).  Here, the primary impairment at issue was chronic obstructive pulmonary disease ("COPD"), clearly within the pulmonologist's area of expertise.  The state consultants do not appear to have any specialization in this area.[5]  See R. 85, 118.  While the ALJ was certainly aware of the pulmonologist's specialty, the ALJ's decision gives no indication that the pulmonologist's opinion was afforded any deference based on that specialization.  See id. at 20-21.

Thus, there is good reason to believe that, had the ALJ applied the correct standard, he would have given additional weight to the treating physician's opinion.  Given the pivotal importance of that opinion, the Court concludes that remand would not be an empty exercise.  The Commissioner's final decision is therefore vacated for reconsideration under the appropriate regulation.

B.   Subjective Symptoms

Next, Plaintiff argues that the ALJ erred in discounting her testimony regarding the severity of her symptoms.  See Mem. Supp.

---

[5] Plaintiff states that the consultants are internists.  See Pl.'s Objs. to R. & R. 6 (citations omitted).

Pl.'s Mot. Reverse 14; Pl.'s Objs. to R. & R. 2, 9.  An ALJ must "evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities."  SSR 16-3p, 82 Fed. Reg. at 49464.  As part of this inquiry, the ALJ must consider, inter alia, the "individual's statements about the intensity, persistence, and limiting effects of symptoms."  Id.; see generally Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018) (discussing SSR 16-3p and its predecessor).  Moreover, an ALJ "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."  SSR 16-3p, 82 Fed. Reg. at 49465.

Here, Plaintiff testified that she experiences shortness of breath, shakiness, and dizziness. R. 18-19.  Additionally, she stated that she sometimes needs to lie down for long stretches of time due to difficulty breathing.  Id. at 18.  The ALJ found that Plaintiff's medical conditions could reasonably be expected to cause those symptoms.  Id. at 19.  However, he determined that those symptoms were "inconsistent because the longitudinal evidence of record d[id] not support them."  Id.  The Court concludes that there is substantial (though not overwhelming)

evidence to support that determination.  See id. and records cited.
Therefore, the ALJ's decision to discredit Plaintiff's testimony
does not provide an independent basis to reverse or vacate.

Nonetheless, as explained above, the ALJ must reevaluate the
weight given to the pulmonologist's opinion on remand.   The
pulmonologist took a dimmer view of Plaintiff's physical abilities
than did the state consultants.  If the pulmonologist's opinion
were given more weight, it would help corroborate Plaintiff's
testimony regarding her symptoms.   Thus, the ALJ's findings
regarding Plaintiff's subjective symptoms should also be
reconsidered on remand.

IV.   CONCLUSION

Plaintiff's Motion to Reverse the Decision of the
Commissioner, ECF No. 12, is GRANTED to the extent that it seeks
remand for rehearing, and Defendant's Motion to Affirm the Decision
of the Commissioner, ECF No. 14, is DENIED.  Pursuant to sentence
four of 42 U.S.C. § 405(g), the Commissioner's decision is vacated,
and the matter is remanded for further proceedings.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date:  May 27, 2021